IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARBARA REED, as Guardian of
JERRY REED, and BARBARA REED,
individually,

    Plaintiffs,

vs.

CASE NO: 8:09-cv-1476-T-26EAJ

CAITLIN SANTO, FRANK SANTO, JR.
and STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendants.
_____/

### DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S *DAUBERT* MOTION FOR EXCLUSION OF EXPERT TESTIMONY OF DR. RICHARD BOEHME AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("State Farm"), pursuant to Federal Rules of Evidence 702 and 703, files this *Daubert* Motion for Exclusion of the Expert Testimony of Dr. Richard Boehme along with its supporting Memorandum of Law, and says:

    1.    Plaintiff is the Guardian and husband of Jerry Reed who was injured while riding his bicycle when he was involved in an incident with a vehicle driven by Defendant Caitlin Santo on August 12, 2005. That injury occurred after Ms. Santo, while traveling in the same area as Mr. Reed, entered a parking lot and crossed near Mr. Reed who was traveling in the bike path to her right. Mr. Reed was not wearing a helmet at the time.

    2.    On or about July 15, 2009, Plaintiff filed an action against State Farm alleging failure to pay the claim of Plaintiffs under the underinsured/uninsured motorist portion of their policy with State Farm when, under all of the circumstances, could and should have done so, had it acted fairly and honestly and with due regard for the interests of its insureds, the Plaintiffs.

## Dr. Richard Boehme

3. In its Expert Disclosure entitled "Plaintiff's Second Amended Expert Witness Disclosure," attached hereto as "exhibit a", Plaintiffs have listed Dr. Richard Boehme as one of their expert witnesses that they intend to call to testify about "the relation to the elements of the accident, the resulting injuries and the use or lack of use of a bicycle helmet." Specifically, it is anticipated that Dr. Boehme intends to testify that Jerry Reed would have suffered the same injuries incurred in this incident even if he were wearing the bicycle helmet he owned but was not wearing at the time of the incident.

4. Dr. Boehme's deposition was taken on August 11, 2010 (excerpts of which are attached hereto as Exhibit "A").

5. During his deposition, Dr. Boehme testified to the following:
"And my opinion is that if he had been wearing this particular helmet that he owned, it would not have made any difference." (Pg. 8, lns. 13-15.)

6. In forming his opinion, Dr. Boehme makes certain assumptions derived from the testimony of a single eyewitness, Mr. Downing. (Pg. 8, lns. 16 - 18.)

7. Dr. Boehme presumed that Mr. Reed went eight to nine feet in the air before striking the ground based on the testimony from Mr. Downing. (Pg. 9, lns. 6-18.)

8. Additionally, Dr. Boehme's opinion is that the helmet owned by Mr. Reed at the time of the accident did not cover the area of Mr. Reed's head that was struck during the accident. (Pg. 13, lns. 5-12.). He also concludes that the helmet would have been pushed forward and off Mr. Reed's head, thus leaving him unprotected. (Pg. 25, ln. 8)

9. Dr. Boehme came to the opinion noted in paragraph 8 without ever actually putting the helmet on Mr. Reed's head. (Pg. 14, ln. 1.)

10. Dr. Boehme admits he could not exactly recreate how Mr. Reed landed on the pavement. (Pg. 21, ln. 11)

11. Dr. Boehme made no attempt to recreate the accident and how the helmet may have moved with any model or test. (Pg. 25, lns. 18-25)

12. Because Dr. Boehme's opinion is based on assumptions from a single witness' testimony and nothing else because he does not know the angle of impact, how the helmet fit the victim's head, or how the helmet behaves in an accident such as this, he lacks sufficient facts and/or data to satisfied the standard under Rule 702 of the Federal Rules of Evidence and his testimony should therefore be barred.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE

### A. STANDARD FOR ADMISSIBILITY OF EXPERT TESTIMONY

Rule 702 of the Federal Rules of Evidence sets forth the criteria for the admission of expert testimony as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

An expert's testimony must be both reliable and relevant for it to be admissible in federal court. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999). *Daubert v. Merrill-Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993), prelude to *Kumho*, outlined several important points for the admission of scientific expert testimony. First, it required a showing of both relevance and reliability. Secondly, the trial judge has the responsibility of serving as a "gatekeeper" for the determination of relevance and reliability in admitting expert testimony. *Daubert*, 509 U.S. at 598.

With *Kumho*, the Supreme Court declared the reliability criteria of *Daubert* will apply to all types of expert testimony, even non-technical testimony primarily based upon experience and training. *Kumho*, 526 U.S. at 147. The Supreme Court emphasized the

importance of ensuring that expert testimony is reliable by requiring that an expert, "whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id.* at 152. Whatever the field may be, an expert must establish a foundation of reliability before being allowed to testify about his observations and conclusions in a particular case. *Id.* at 151-152. The decision on reliability is in the exclusive province of the trial judge and the court's decision will be given "broad latitude" which will not be overturned by an appeals court unless it can be shown that the trial judge abused his discretion in reaching the decision on reliability.

The burden of establishing the qualification, reliability and helpfulness of the expert and his/her opinions rests on the proponent. *Daubert, supra*; *U. S. v. Frazier*, 387 F.3d 1244 (11th Cir. 2004). As with other types of expert testimony, when expert testimony is unreliable, it is inadmissible. *Truck v. Magnetek, Inc.* 360 F.3d 1206 (10th Cir. 2004); *Pride v. BIC Corporation*, 218 F.3d 566, 578 (6th Cir. 2000).

Pursuant to Rule 702, if the expert's opinion would not be helpful, the opinion must be excluded from the evidence. *See City of Hobbs v. Hartford*, 162 F.3d 576 (10th Cir. 1998); *Thompson v. State Farm*, 34 F.3d 932 (10th Cir. 1994).

### B. BOEHME'S TESTIMONY FAILS TO MEET THE STANDARDS ENUNCIATED IN RULE 702, DAUBERT AND KUHMO AND MUST BE EXCLUDED

State Farm contends Dr. Boehme and should not be permitted to testify as to his opinions about cause of the accident or injuries for various reasons. First, Dr. Boehme's methodology in reaching his opinions lacks sufficient reliability, because it assumes the accuracy of measurements from the testimony from a single eye witness regarding the height in the air Mr. Reed was propelled after either coming in contact with the Defendant's vehicle or applying his brakes as well as the angle of landing of Mr. Reed's body. He further states the opinion that the helmet Mr. Reed owned would not have physically

covered his entire head of protected him during this accident without ever even placing the helmet on Mr. Reed's head.

In sum, Dr. Boehme's opinion as to whether the Mr. Reed would have suffered the same injuries had he been wearing his helmet is speculative, at best. He performed no quantitative analysis regarding the speed of Mr. Reed and had no knowledge of the actual height at the apex of Mr. Reed's fall, nor the angle of impact.

An expert's testimony which expresses an opinion must be based on evidence and sufficient factual data so that the expert's opinion is out of the realm of guesswork and speculation. *Calhoun v. Honda Motor Co., Ltd.*, 738 F.2d 126, 132 (6th Cir. 1984). Scientific causation testimony may be excluded from consideration by the jury if it provides a mere possibility and yet not a probability of proof. *Richardson v. Richardson-Merrell, Inc.*, 857 F.2d 823, 829 (D.C. Cir. 1988). Dr. Boehme's opinion as to the liability in this accident and any reconstruction of the incidents leading up to it lacks sufficient reliability for it to be admissible and therefore will not aid the jury in its determination as to the cause of the loss.[1]

**WHEREFORE,** State Farm prays that this court will grant its Motion for Exclusion and exclude the testimony of Plaintiffs' expert, Dr. Richard Boehme, and for such other and further relief as this court deems just and proper.

---

[1] Should the Court grant the defenses Motion to Strike, the defense expert hired to rebut Dr. Boehme's new opinions, and as allowed under the Court's Order of August 12, 2010, may be withdrawn.

Respectfully submitted,

BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP

s/ Charles E. Reynolds II
CHARLES E. REYNOLDS II, ESQ.
Florida Bar No.: 0776262
777 S. Harbour Island Boulevard
Suite 500
Tampa, Florida 33602
Telephone: (813) 821-1900
Facsimile: (813) 821-0900
creynolds@butlerpappas.com
ATTORNEYS FOR DEFENDANT, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I certify that on November 17, 2010, I presented the foregoing to the Clerk of Court for filing and uploading to the CM/ECF system, which will send a Notice of Electronic Filing to the following: Donny A. Owens, Esq., Morgan & Morgan, P.A., 76 South Laura Street, Suite 1100, Jacksonville, Florida 33202.

s/Charles E. Reynolds
CHARLES E. REYNOLDS, ESQ